Dear Mr. Manuel:
You requested an opinion from this office on behalf of the Mayor of the Town of Cottonport concerning the dismissal of citations. Your request posed two questions:
(1) In a town with a Mayor-Town Counsel form of government, with an elected chief of police and an appointed magistrate, who can dismiss or nolle porosequi citations?
(2) When, after issuance of the citation, may it be dismissed or "Nolle Prosequied"?
The first question has been addressed previously in Attorney General Opinion Number 91-542 and Attorney General Opinion Number 89-665. The authority to dismiss citations which have been issued is principally an exercise of prosecutorial power and is within the prosecutor's discretion. The prosecutor of a mayor's court may dismiss for any reason or no reason at all. The power to dismiss citations is secondarily an exercise of judicial power which allows a magistrate to dismiss a citation only if a legal defect exists in the proceedings or after trial for legally insufficient evidence.
The mayor retains no authority to dismiss citations once a magistrate has been appointed. La. R.S. 33:441.8 states, in pertinent part, that: "[w]henever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the powers and authority of the mayor over said court." Additionally, the chief of police may not dismiss a citation after it has been issued. This would constitute a violation of La. R.S.32:398.2(C) which states that "[i]t shall be unlawful for any traffic enforcement officer or any other officer . . . to dispose of a traffic citation . . . in a manner other than as required herein." The statute requires the officer issuing the citation to deposit such or a copy thereof with a court having jurisdiction over the traffic violation or with the traffic violations bureau. Once the citation is deposited with either the court or the traffic violations bureau, the citation "shall be disposed of only by trial in the court of proper jurisdiction or any other official action by a judge of the court . . . or by the deposit of sufficient bail with traffic violations bureau or payment of a fine to said bureau" by the traffic offender. La. R.S. 32:398.2(B). Therefore, the mayor, who has appointed a magistrate, and the chief of police are prohibited from dismissing traffic citations.
Regarding the second question, citations may be dismissed at the discretion of the prosecuting attorney. La.C.Cr.P. art. 691 states that "[t]he district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court." If the prosecuting attorney dismisses the citation prior to the first witness being sworn at trial, then a subsequent prosecution may be instituted on the same charges if the prosecuting attorney chooses to pursue such. If the prosecuting attorney dismisses the citation after the first witness is sworn, but with the defendant's consent, then subsequent prosecution of the same charges is not barred. La.C.Cr.P. art. 693. However, if the dismissal is entered without the defendant's consent after the first witness is sworn at trial, then such dismissal acts as an acquittal and bars subsequent prosecution for the charge dismissal. La.C.Cr.P. art. 693(1).
Thus, in summation, it is the opinion of this office that the power to dismiss citations is granted primarily to the prosecuting attorney and secondarily to the court. The court can only dismiss a citation if a legal defect exists in the proceedings or after trial for legally insufficient evidence. A mayor who has appointed a magistrate to preside over the mayor's court relinquishes all authority to dismiss citations. A chief of police may not dismiss a citation once it has been issued. Once a citation has been issued, it can be dismissed or "nolle prosequied" at the sole discretion of the prosecutor. If the citation is dismissed prior to the first witness being sworn at trial or if the citation is dismissed after the first witness is sworn at trial but with the defendant's consent, then subsequent prosecution for the charges dismissed is not barred. Upon consent of the defendant, the prosecutor may dismiss the citation even after the first witness is sworn.
I hope this opinion sufficiently answers your questions. If our office may be of any further assistance, please do not hesitate to contact us.
Sincerely,
Richard P. Ieyoub Attorney General
By: Donald W. North Assistant Attorney General